UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

NICKOLAS J. LAUMANN,
    Plaintiff,

v.        Case No. 07-C-1046

RICHARD RAEMISCH,
DR. HEIDORN, WILLIAM POLLARD,
MICHAEL BAENEN, SGT. LONGZINE,
SGT. KAPPISH, KATHY LEMENS,
JEAN LUTSEY, HEIDI DANBROVIA,
ROXANNE KLARKOWSKI, JAMIE WERTEL,
JEANANNE GREENWOOD, and
JOHN DOES,
    Defendants.

## DECISION AND ORDER

Plaintiff, Nick Laumann, filed this pro se civil rights action pursuant to 42 U.S.C. § 1983. Before me is plaintiff's petition to proceed in forma pauperis, plaintiff's motion to amend the complaint and plaintiff's motion to appoint counsel. All applications will be addressed herein.

### I. IN FORMA PAUPERIS PETITION

Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. § 1915(b)(1). If plaintiff does not have the money to pay the filing fee, he can request leave to proceed in forma pauperis. To proceed with an action in forma pauperis, the prisoner must complete a petition and affidavit to proceed in forma pauperis and return it to the court with a certified copy of his trust account statement showing transactions for the prior six months. The court then assesses and, when funds exist, collects from plaintiff at the time the action is filed an initial partial filing fee of 20% of the average monthly

deposits to or the average monthly balance in the trust account for the six-month period immediately preceding the filing of the complaint.[1]

In this case, plaintiff has filed a certified copy of his prison trust account statement. Pursuant to my order dated November 29, 2007, plaintiff has been assessed and paid an initial partial filing fee of $42.27. Thus, his petition to proceed in forma pauperis will be granted. The remainder of the filing fee will be collected as set forth below.

## II. MOTION TO AMEND THE COMPLAINT

On April 3, 2008, plaintiff filed a motion to amend the complaint. Rule 15(a) of the Federal Rules of Civil Procedure allows a plaintiff to amend his complaint once as a matter of course before being served with a responsive pleading. Fed. R. Civ. P. 15(a)(1)(A). Here, plaintiff has not previously amended his complaint, nor has a responsive pleading yet been filed; plaintiff, therefore, may amend his complaint.

The amended complaint, however, is still subject to dismissal under 28 U.S.C. § 1915A(a), which requires a court to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. I must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Denton v. Hernandez, 504 U.S. 25, 31 (1992); Neitzke v. Williams, 490 U.S. 319, 325

---

[1] In no event will a prisoner be prohibited from bringing a civil action because he or she has no assets and no means by which to pay the initial partial filing fee. 28 U.S.C. § 1915(b)(4).

(1989); Hutchinson ex rel. Baker v. Spink, 126 F.3d 895, 900 (7th Cir. 1997). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. "Malicious," although sometimes treated as a synonym for "frivolous," "is more usefully construed as intended to harass." Lindell v. McCallum, 352 F.3d 1107, 1109-10 (7th Cir. 2003) (citations omitted).

To avoid dismissal for failure to state a claim, the complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). It is not necessary for the plaintiff to plead specific facts; his statement need only "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Erickson v. Pardus, __ U.S. __, 127 S. Ct. 2197, 2200 (2007) (citations omitted). In deciding whether the complaint states a claim, the court must accept as true all of the factual allegations contained in the complaint. Bell Atl. Corp. v. Twombly, __ U.S. __, 127 S. Ct. 1955, 1965 (2007). There is no heightened pleading requirement for pro se prisoner civil rights complaints. Thomson v. Washington, 362 F.3d 969, 970-71 (7th Cir. 2004). Of course, if a complaint pleads facts that show that a plaintiff does not have a claim, the complaint should be dismissed "without further ado." Id. at 970.

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege: 1) that he was deprived of a right secured by the Constitution or laws of the United States, and 2) that the deprivation was visited upon him by a person acting under color of state law. Gomez v. Toledo, 446 U.S. 635, 640 (1980). The court is obliged to give the plaintiff's pro se allegations, however inartfully pleaded, a liberal construction. See Erickson, 127 S. Ct. at 2200 (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)).

3

## A. Background

Plaintiff, a state prisoner, was incarcerated at Green Bay Correctional Institution (GBCI) at all times relevant. However, he is currently housed at Waupun Correctional Institution (WCI). Defendants are all employed by the Wisconsin Department of Corrections (DOC) and are sued in their individual and official capacities.

On June 25, 2006, at approximately 2:00 a.m., plaintiff began vomiting blood and experiencing chest pains and problems breathing. Plaintiff notified defendant John Doe 1, who ignored his pleas for medical attention. At approximately 6:00 a.m., plaintiff asked defendant John Doe 2 to call the nurse. Defendant John Doe 2 told plaintiff to contact defendant Jane Doe 3, who was dispensing medication in the rotunda. Plaintiff explained his problems to Jane Doe 3, but she said that she could not help him. When plaintiff returned to the cell hall, he again asked defendant John Doe 2 to call a white shirt or a nurse, but he refused and threatened to send plaintiff to the hole if he kept bugging him.

At 8:00 a.m., plaintiff was escorted to the prison hospital or HSU. When plaintiff arrived at the HSU, he was treated by defendant Kathy Lemens who checked his vital signs. Lemens gave plaintiff a bottle of pink bismuth and a box of aspirin. When plaintiff asked to be seen by a doctor or taken to the emergency room, Lemens stated that plaintiff just needed to rest.

Plaintiff attempted to take the bismuth and aspirin, but he could not keep anything down. Plaintiff was also unable to eat any food, which he communicated to defendant Lemens and other nurses on numerous occasions. In response, he was told to force the food down because he would not get help. As a result of his inability to eat, plaintiff lost 30 pounds between June 25 and September 12, 2006.

Plaintiff was placed in the new segregation unit on July 5, 2006. Upon his arrival, plaintiff informed defendant Jeananne Greenwood about his medical problems. She stated that she would contact Dr. Heidorn. Plaintiff continued to vomit blood and had blood in his stool. While in the new segregation unit, plaintiff also contacted defendants Longzine and Kappisch but they refused to get him medical assistance.

On July 14, 2006, plaintiff was taken to the emergency room where he underwent a CT scan and several blood tests. Plaintiff's doctor attempted to put a tube down his nose but was unable to due to swelling. Two hours later, plaintiff was taken back to GBCI. At this time, he weighed 215 pounds. Plaintiff was still vomiting blood and was unable to eat liquids or food. Plaintiff sent numerous requests for help to defendants Lemens, Lutsey, Danbrova, Klarkowski, Wertel and Greenwood, all of which went ignored or unanswered. On July 13, 2006, plaintiff saw defendant Dr. Heidorn who told him that there was nothing wrong with him.

Plaintiff was again taken the hospital on July 31 and August 4, 2006. On each visit he was given a barium enema, although he did not have problems with his rectum. Apparently, defendants ordered plaintiff to undergo an enema to determine if he was making false allegations about his medical condition.

During July and August 2006, plaintiff was only able to swallow small amounts of liquids. In September 2006, plaintiff weighed less than 200 pounds. He was put on several medications that he was unable to swallow. In October 2006, plaintiff contacted defendants Pollard and Baenen to inform them that the nursing staff was ignoring his complaints of pain. He also filed numerous inmate complaints regarding his medical condition, all of which were dismissed by defendant Raemisch.

5

On December 1, 2006, plaintiff was seen by a specialist who determined that he had either contracted a throat virus or been poisoned. Plaintiff was informed that if defendants would have treated him sooner, his condition would be less severe. Plaintiff was forced to undergo an endoscopy, Botox injections in his throat and dilation every six months. Plaintiff avers that as a result of defendants' actions, he was subjected to physical and emotional pain and suffering. He also suffered intense depression, weight loss and a severe medical disease.

Plaintiff alleges that defendants violated his rights under the Eighth Amendment. For relief, he demands monetary damages and declaratory and injunctive relief.

**B.     Analysis**

Plaintiff asserts that defendants delayed and denied him medical care. Deliberate indifference to the serious medical needs of prisoners constitutes the unnecessary and wanton infliction of pain, and thus is proscribed by the Eighth Amendment. Walker v. Benjamin, 293 F.3d 1030, 1040 (7th Cir. 2002) (citing Estelle v. Gamble, 429 U.S. 97, 104-05 (1976)). This is the case "whether the indifference is manifested by prison doctors in their response to the prisoner's needs or by prison guards in intentionally denying or delaying access to medical care or intentionally interfering with the treatment once prescribed." Estelle, 429 U.S. at 104-05.

To establish liability under the Eighth Amendment, a prisoner must show: (1) that his medical need was objectively serious; and (2) that the official acted with deliberate indifference to the prisoner's health or safety. Farmer v. Brennan, 511 U.S. 825, 834 (1994); Chapman v. Keltner, 241 F.3d 842, 845 (7th Cir. 2001). A serious medical need is "one that has been diagnosed by a physician as mandating treatment or one that is so

6

obvious that even a lay person would easily recognize the necessity for a doctor's attention." Wynn v. Southward, 251 F.3d 588, 593 (7th Cir. 2001) (quoting Gutierrez v. Peters, 111 F.3d 1364, 1373 (7th Cir. 1997)). A prison official acts with deliberate indifference when "the official knows of and disregards an excessive risk to inmate health or safety." Farmer, 511 U.S. at 837.

In the present case, plaintiff alleges that defendants failed to adequately treat his complaints of vomiting blood and blood in his stool. Additionally, he alleges that defendants delayed treating his throat infection. These allegations are sufficient to state a claim under the Eighth Amendment. Accordingly, plaintiff may proceed on the claim.

### III. MOTION TO APPOINT COUNSEL

Plaintiff asks that counsel be appointed to represent him in this action. As grounds for his request, plaintiff states: (1) his claims are meritorious; (2) he is unable to conduct any investigation; (3) he is currently taking several medications; (4) the issues in this case are complex; (5) the case will be tried before a jury; and (6) his filings thus far were prepared with the assistance of a jailhouse lawyer. Indigent civil litigants have no absolute constitutional or statutory right to be represented by counsel in federal court. Jackson v. County of McLean, 953 F.2d 1070, 1071 (7th Cir. 1992); McKeever v. Israel, 689 F.2d 1315, 1318 (7th Cir. 1982). And while the court is authorized to request an attorney to represent an indigent civil litigant pursuant to 28 U.S.C. § 1915(e)(1), the threshold inquiry under § 1915(e) is whether plaintiff has made a reasonable, but unsuccessful, effort to retain counsel on his own. Jackson, 953 F.2d at 1073. If plaintiff has made no effort to secure counsel, the motion must ordinarily be denied outright. Id.

In this case, plaintiff has satisfied the threshold inquiry and provided evidence that he has attempted to obtain legal counsel on his own. Specifically, he has submitted correspondence from several law firms that have declined to represent him in this matter. Our inquiry, however, does not end here. "When confronted with a request under § 1915(e)(1) for pro bono counsel, the district court is to make the following inquiries: (1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself?" Pruitt v. Mote, 503 F.3d 647, 655 (7th Cir. 2007) (rehearing en banc) (citing Farmer v. Haas, 990 F.2d 319, 321-22 (7th Cir. 1993)).

The issues in this case appear at this stage to be straightforward and uncomplicated. Plaintiff is proceeding on one narrow claim that defendants delayed and denied him medical care. And, contrary to plaintiff's assertions, it is not clear at this point that the case will go to a jury. Therefore, at this time, I do not believe that the presence of counsel is likely to make a difference in the outcome of this case. Accordingly, plaintiff's request for appointment of counsel will be denied without prejudice.

## IV. MISCELLANEOUS

By his amended complaint, plaintiff asks for a preliminary injunction ordering defendants to "permanently refrain from subjecting the plaintiff to the conditions described herein." (Am. Compl. at 27). When considering whether to grant a preliminary injunction, the court must first consider "whether the moving party has demonstrated: (1) a reasonable likelihood of success on the merits; and (2) no adequate remedy at law and irreparable harm if preliminary relief is denied." Aircraft Owners & Pilots Ass'n v. Hinson, 102 F.3d 1421, 1424-25 (7th Cir. 1996) (internal citations omitted). If the moving party has

8

demonstrated those items to the satisfaction of the court, then it must look at: (3) the irreparable harm the non-moving party will suffer if the injunction is granted balanced against the irreparable harm the moving party will suffer if the injunction is denied; and (4) the public interest, i.e., the effect that granting or denying the injunction will have on non-parties. Id. The Court of Appeals for the Seventh Circuit has adopted a sliding scale approach where the greater the movant's chances of success on the merits, the less he must show that the balance of hardships tips in his favor. Ty, Inc. v. Jones Group, 237 F.3d 891, 895-96 (7th Cir. 2001).

In the present case, plaintiff has not established a basis for injunctive relief. He has not presented any argument or evidence to show that he lacks an adequate remedy at law. Moreover, he has given no indication that he will suffer irreparable harm if injunctive relief is not granted, especially in light of his transfer from GBCI, where the alleged events occurred, to a new facility. Thus, plaintiff's request for a preliminary injunction will be denied without prejudice.

## V. CONCLUSION

**For the foregoing reasons,**

**IT IS THEREFORE ORDERED** that plaintiff's petition to proceed in forma pauperis (Docket #2) is **GRANTED.**

**IT IS FURTHER ORDERED** that plaintiff's motion to amend the complaint (Docket # 11) is **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff's motion to appoint counsel (Docket # 3) is **DENIED WITHOUT PREJUDICE.**

**IT IS FURTHER ORDERED** that plaintiff's request for a preliminary injunction (Docket # 11) is **DENIED WITHOUT PREJUDICE**.

**IT IS ORDERED** that the United States Marshal shall serve a copy of the amended complaint, the summons, and this order upon defendants pursuant to Federal Rule of Civil Procedure 4. Plaintiff is advised that Congress requires the U.S. Marshals Service to charge for making or attempting such service. 28 U.S.C. § 1921(a). The current fee for waiver-of-service packages is $8.00 per item. The full fee schedule is provided at 28 C.F.R. §§ 0.114(a)(2), (a)(3). Although Congress requires the court to order service by the U.S. Marshals Service precisely because in forma pauperis plaintiffs are indigent, it has not made any provision for these fees to be waived either by the court or by the U.S. Marshals Service.

**IT IS ORDERED** that defendants shall file a responsive pleading to the complaint.

**IT IS ORDERED** that the Secretary of the Wisconsin Department of Corrections or his designee shall collect from plaintiff's prison trust account the $307.73 balance of the filing fee by collecting monthly payments from plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the clerk of the court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action.

**IT IS FURTHER ORDERED** that copies of this order be sent to the warden of the institution where the inmate is confined and to Corey F. Finkelmeyer, Assistant Attorney General, Wisconsin Department of Justice, P.O. Box 7857, Madison, Wisconsin, 53707-

7857.

Plaintiff is hereby notified that he is required to send a copy of every paper or document filed with the court to the opposing parties or their attorney(s). Fed. R. Civ. P. 5(a). Plaintiff should also retain a personal copy of each document. If plaintiff does not have access to a photocopy machine, plaintiff may send out identical handwritten or typed copies of any documents. The court may disregard any papers or documents which do not indicate that a copy has been sent to each defendant or to their attorney(s).

Plaintiff is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute.

In addition, the parties must notify the Clerk's Office of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Milwaukee, Wisconsin, this 13 day of May, 2008.

/s_____
LYNN ADELMAN
District Judge