UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

NICKOLAS J. LAUMANN,
        Plaintiff,

   v.                                    Case No. 07-C-1046

DR. HEIDORN, JANE DOE #3, WILLIAM POLLARD,
MICHAEL BAENEN, RICHARD RAEMISCH,
SGT. LONGZINE, SGT. KAPPISH, KATHY LEMENS,
JEAN LUTSEY, HEIDI DANBROVA,
ROXANNE, KLARKOWSKI, JAMIE WERTEL,
JEANANNE GREENWOOD, and JOHN DOES 1and 2,
        Defendants,

---

## DECISION AND ORDER

      Plaintiff, Nickolas Laumann, brought a <u>pro se</u> civil rights action pursuant to 42 U.S.C. § 1983.  On September 21, 2009, I issued a decision and order granting the defendants' motions for summary judgment; judgment was entered dismissing the action the following day.  Plaintiff filed a notice of appeal on October 19, 2009, which initiated Appeal No. 09-3554.  On April 2, 2010, plaintiff filed a motion to alter judgment pursuant to Federal Rule of Civil Procedure Rule 59(e), which is before me now.  Additionally, on April 14, 2010, the Seventh Circuit issued an Order affirming my grant of the defendants' motion for summary judgment.  <u>Laumann v. Heidorn, et al.</u>, No. 09-3554 (7th Cir., April 14, 2010).

      I will treat the motion as if it were filed under Rule 60(b). A motion filed under Rule 59(e) must be filed no later than twenty-eight days after the entry of judgment.  Plaintiff's motion was filed over six months after judgment was entered in this case. See <u>Britton v. Swift Transp. Co.</u>, 127 F.3d 616, 618 (7th Cir. 1997).

Plaintiff's motion lacks merit because he has not presented any reason for relief. An appellate mandate severely limits the kinds of considerations open for the district court. Barrow v. Falck, 11 F.3d 729, 731 (7th Cir.1993). Unless plaintiff raises the sort of circumstance that justifies modification under Fed. R. Civ. P. 60(b), I must take the appellate decision as conclusive. Standard Oil Co. v. United States, 429 U.S. 17 (1976). Those are:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable due diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). Relief from a judgment under Rule 60(b) is an "extraordinary remedy granted only in exceptional circumstances." Rutledge v. United States, 230 F.3d 1041, 1052 (7th Cir. 2000), cert. denied, 531 U.S. 1199 (2001). Plaintiff failed to identify any change in circumstance or law that would justify departure from the Court of Appeal's mandate affirming the grant of summary judgment to defendants. Plaintiff merely attempts to re-argue law and facts already in the record. None of his arguments raise issues warranting the extraordinary relief provided by Rule 60(b).

Therefore, for the foregoing reasons,

**IT IS ORDERED** that plaintiff's motion to alter judgment (Docket #95) is **DENIED**.

Dated at Milwaukee, Wisconsin, this 10 day of May, 2010.

/s_____
LYNN ADELMAN
District Judge

2